Mark Austin GILDAY, Petitioner,

v.

Luis S. SPENCER, Respondent.

Civil Action No. 06–11441–NMG.

United States District Court, D. Massachusetts.

Dec. 8, 2009.

James J. Arguin, Argiro K. Shapiro, Office of the Attorney General, Boston, MA, for Respondent.

### MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner Mark Austin Gilday ("Gilday") filed a habeas petition for relief from his state conviction for indecent assault and battery on a child under fourteen years of age. On September 29, 2009, this Court accepted and adopted Magistrate Judge Sorokin's Report and Recommendation ("R & R") to deny the petition on the merits. Before the Court is Gilday's Motion for Reconsideration and Objections to the R & R.

## I. *Background*

### A. Factual Background

In 2000, Gilday was indicted by a Berkshire County grand jury for rape of a child, indecent assault and battery on a child and assault and battery by means of a dangerous weapon. The charges were based largely on the complaint of the petitioner's niece, an eleven year-old girl, who alleged that Gilday had forced her to perform oral sex, groped her vagina on top of her clothing and burned her arm with a cigarette when she resisted his advances.

Gilday was acquitted of both the indecent assault and battery charge (based upon touching the victim's vagina) and the assault and battery with a dangerous weapon charge (based upon burning the victim with a cigarette). With respect to the remaining rape count, the trial judge instructed the jury on the lesser included offense of indecent assault and battery in case the jury concluded that there had not been physical penetration into the victim's mouth. The judge was careful to instruct (including in response to a question from the jury) that the indecent battery charge for touching the victim's vagina was separate from the lesser included offense of indecent battery for allegedly forcing the victim to touch his penis. The jury subsequently convicted Gilday of indecent assault and battery as a lesser included offense of the rape charge.

On appeal, Gilday argued that there was insufficient evidence on which to sustain

his conviction. The Massachusetts Appeals Court ("MAC") disagreed but supported its decision by referring to conduct for which Gilday had been acquitted: allegedly touching the victim's vagina. Gilday sought further appellate review from the Massachusetts Supreme Judicial Court ("SJC") on the grounds that the appeals court had violated his due process and the Double Jeopardy clause by using the allegations for which he had been acquitted to support its decision to uphold the conviction on the lesser included offense. The SJC denied the petitioner's application for further appellate review and the subsequent habeas petition was filed in this Court. In his petition, Gilday offered largely the same arguments that he advanced to the SJC.

## B. Procedural History

On October 16, 2007, Respondent filed a motion to dismiss based primarily on procedural grounds. The motion was denied on October 9, 2008 and the Court thereafter ordered briefing on the merits of Gilday's claim.

On September 14, 2009, Magistrate Judge Sorokin issued an R & R recommending dismissal of the petition on the merits which this Court accepted and adopted two weeks later. Immediately preceding dismissal and after the expiration of the period in which objections to an R & R were to be filed, however, Gilday notified the Court that he had not received the R & R and thus had not had an opportunity to object on time. As a result, on September 29, 2009, the Court issued an order dismissing the case but allowing the petitioner to file a motion for reconsideration to address his reasons for not filing a timely objection and to offer any such objections. Gilday filed such a motion on October 15, 2009, to which respondent filed a timely opposition.

## C. Magistrate Judge Sorokin's R & R

In his R & R, Magistrate Judge Sorokin found that:

> [T]he instant petition [is] in somewhat of an unusual posture because while the court disagrees with the MAC's reasoning in rejecting Petitioner's appeal and affirming his conviction on the lesser-included offense (insofar as the decision rests on the reasoning that the touching of the vagina supported the lesser included conviction), it resolutely agrees with the MAC's conclusion that there was sufficient evidence to sustain a finding of guilt on this charge.

The Magistrate Judge explained that a habeas petitioner must "do more than identify an incorrect result" because the state court decision must be "unreasonable in the independent and objective judgment of the federal court." Under that standard, Magistrate Judge Sorokin declared that Gilday had failed to establish that the state court reached an incorrect result. Specifically, because the trial court was especially careful in communicating the differences between the charges, the Magistrate Judge concluded that the jury understood the instructions and, moreover, that Gilday had not "come close" to showing that no rational trier of fact could have convicted him. Accordingly, despite disagreeing with the MAC's reasoning, Magistrate Judge Sorokin found "no grounds on which Petitioner may attack his underlying conviction" and recommended dismissal of the habeas petition.

## II. Gilday's Motion for Reconsideration and Objections

To explain why he did not object on time, Gilday submits an affidavit stating that, although all mail addressed to him was received and signed for, he did not

receive a copy of the R & R (inferring that it must, therefore, not have been sent).

▮ The Court need not address that issue, however, because Gilday's substantive objections to the R & R are insufficient.[1] As the R & R instructs, a proper objection must "specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." In doing so,

> it is improper for an objecting party to … submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.

*Rivera–Garcia v. United States*, No. 06-cv-1004 (PG), 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citation omitted).

In attempting to meet this criteria and to object to the R & R, Gilday argues that 1) there was legally insufficient evidence to affirm his conviction because testimony about his alleged confession was not corroborated at trial, 2) the MAC violated his due process and subjected him to double jeopardy by referring to conduct for which he was acquitted and 3) Magistrate Judge Sorokin was generally incorrect in denying Gilday's arguments. With respect to his final argument, the Petitioner contends that the Magistrate Judge was mistaken because he explicitly noted his disagreement with the MAC's reasoning despite agreeing with its conclusion that there was sufficient evidence to sustain a conviction.

▮ Gilday's arguments are unavailing. The first two are plainly repetitious arguments advanced in his previous memoranda and, accordingly, are improper. *Rivera–Garcia*, 2008 WL 3287236, at *1.

The third, although stated in a short section titled "Objections to Report and Recommendation", is equally unpersuasive. It simply claims that the Magistrate Judge's conclusions of law are generally incorrect and inconsistent with Gilday's view of the case. In particular, and of critical importance, however, Gilday does not suggest why the Magistrate Judge's conclusion to decline to overturn the MAC decision despite disagreeing with its reasoning was illogical. A proper objection required Gilday to address that issue and to respond to the Magistrate Judge's substantive reasoning beyond simply rehashing the original arguments to the Magistrate Judge. Because Gilday's objections do not do so, they will be overruled.

### ORDER

In accordance with the foregoing, petitioner's motion for reconsideration (Docket No. 74) is **DENIED.**

**So ordered.**

---

1. Although entitled a motion for reconsideration, the Court treats this motion as a timely objection and does not rely on the heightened burden required for a motion for reconsideration.